I would like to reserve two minutes for rebuttal, if that's possible. All right. Hopefully we won't talk so much. Okay. Although there's a lot I could say in this case, so if the Court has questions. Can you state your name for the record? I'm sorry I interrupted you. Paul Cohenhoven. I'm appearing for Paul Cohenhoven. Thank you. And I'm appearing for Mr. Jones. And as I said before, if the Court has questions, I certainly welcome them because there is a lot I could say in this case. Just to start, I think the initial problem in this case is that the decision of the Court of Appeal did not apply the reasoning of the controlling United States Supreme Court precedents. And that is one of the tests under AEDPA. If basically there has to be a showing that neither the reasoning nor the result contradicts the Supreme Court. And what the Court of Appeal here held. But you're pulling it backwards. You have to show it contradicts. And I will do so right now, Your Honor. What the Supreme Court, what the Court of Appeal said is defendant has the burden of showing that there's no rational basis for the legislative determination that persons who engage in oral copulation with minors are likely to be recidivists and should be required to register as such defenders. Can I just ask you a couple preliminary questions? Yes, Your Honor. First, do you accept that California has legitimate interest in requiring sex offenders such as your client to register? Absolutely. All right. And then do you agree that the rational basis test is the appropriate test? Yes. Okay. What's your best authority for the position that unless there is some explanation for California's exclusion of individuals convicted of statutory rape from the registration requirement, your client cannot be compelled to register? Well, Your Honor, I think that the Supreme Court has said, you know, my primary quotation would just be to Romer v. Evans that there has to be a link between the classification and the objective. And the Court of Appeal here never established a link between the classification. All it did was say, well, it's reasonable for Group A to be required to register, but it never found any reason to explain why Group A should register and Group B, which was similarly situated, should not. Well, you're getting into an argument. Basically, it's underinclusive, and, you know, there's all kinds of authority against you. Legislators make all kinds of classifications, and they're not compelled to take into account all groups. And you're not objecting to all the people they put on the list, I take it, because one group didn't get put on. Your Honor, I don't have standing to object to all the groups. All I'm pointing out is that when in this scheme of all the crimes, all crimes that involve actual sexual conduct are required to register with three exceptions. One of them is statutory rape. One of them is obtaining sexual intercourse by means of a show of authority. And the third is obtaining sexual intercourse by pretending to be the wife's spouse. Now, when a person commits those identical crimes, but the sexual act is oral copulation or sodomy, they're required to register for life. When the act is sexual intercourse, they're not required to register, and there's simply no rational basis for saying, well, if it's sexual intercourse, then these people just don't recidivate, so they don't have to register. If it's oral copulation or sodomy, well, they must be recidivists, and they have to register. And the significant thing in this case is that if you look at the history of the registration statute, it's clear that the origins of this distinction lie not in any speculative belief that oral copulators and people who commit sodomy recidivate more. It's based on the historical antipathy against oral copulation and sodomy. When the statute was first enacted in 1947, oral copulation was called sexual perversion. Sodomy was called a crime against nature. And at that time, every act committed, didn't matter what the circumstances, was a crime and was required to register. I guess, isn't that a better argument to make to your legislators in terms of why this needs to be changed? But, you know, the thing is, aren't our legislators in a position that they can make those sort of moral judgments that one crime is worse than the other and it's not necessarily luck for the courts? I mean, I don't see a suspect class here. No, I agree there's not a suspect class. But, Your Honor, the very question the court is asking supports my view because the registration statute has nothing to do with morality. I think you're right. The legislature made a moral judgment at the time when this law was enacted that sodomy and oral copulation were so terrible we're going to make them all register. But the purpose of Section 290 is not morality and it's not to legislate morality. Well, you know, we really don't have to guess, but there's one explanation that you haven't thought of, and that is that the crimes that don't have to register, where you don't have to register, are likely, at least they run the risk of a child being born. And that will make the perpetrator, the possible perpetrator, hesitate. He's going to run the risk of detection by giving birth to a child. Whereas these crimes where you have to register, they're easier because there's no risk of procreation. That's a perfectly legitimate reason for the legislature to say, well, the ones that are easy to do with kids, we're going to ban. The ones where there's a risk and, therefore, the perpetrator is discouraged, we won't in the sense of adding the registration. Your Honor, I, for one, don't think that's reasonable because, well, for one thing, to say that sodomy is easier to commit is, I think, a difficult argument to make. Well, no, there isn't a risk of procreation, is there? No, there's no risk of procreation. Okay, wasn't that a difference? That's a difference, Your Honor, but to then- And isn't it, at least a legislature could well think that some people would be discouraged from committing the crime of a child because of that risk? I don't think so, Your Honor. Why? Well, for one thing, the state doesn't have that viewpoint because, as I pointed out in my brief- I mean, the person defending the legislature doesn't have to have that viewpoint. We just look at the legislation. I'm looking at the legislature, Your Honor. This is a rational basis on which you can show that there isn't a risk with these other crimes. There is, obviously. Well, Your Honor, the reason- It's distinguishable. The reason that I disagree with that is that we know the California legislature has identified statutory rape as a very serious crime and has talked about the high rate of birth and has talked about the statistics of that, which demonstrates that the legislature doesn't believe that the risk of procreation is any deterrence at all. Isn't that an evidence in this case? Yes, it is, Your Honor.  I talked at length- Yes, Your Honor. a vertical statutory rape prosecution team and appropriating tons of dollars and the findings that have been made by both the federal government and the state government that teenage pregnancy is a serious problem, that it's caused by older men committing acts of statutory rape with young girls, and they have statistics about how many teenage births are due to adults. So the idea that somehow the legislature could rationally think that people don't do statutory rape out of the fear of procreation, it's not rational because the legislature has made the opposite findings in passing a different law. You have a minute and a half. Do you want to reserve that for rebuttal? Yes. All right. Thank you. Good morning. I'm Gregory Ott for Respondent. The issue here is far more narrow on federal habeas corpus. As the district court pointed out, the question is, did the state court reasonably find that Jones didn't meet his burden of disproving a rational basis? And we have to look at what the state court looked at, and what the state court looked at was a sum of nothing presented by Jones. In state court, in trial court and the court of appeal, both of which records are before the court and were before the district court, Jones presented no evidence and cited no studies, no articles. There was one citation to a case which discussed some discrepancies among the various sex offender statutes, but there was nothing presented. It was eminently reasonable for the state court to conclude that he had not disproved a rational basis. It's something more than argument in the court of appeal, and state court is required to disprove and strike legislation. Our argument is, of course, relevant, as it is here. What you're saying is that Appellant's arguments are much better than the arguments that were made on the record that we have to deal with? Well, Appellant has certainly supplemented his citations and has begun to cite studies and has modified his arguments quite a bit, which he is entitled to do, but we have to look at what the state court looked at. And even if we look at it de novo, I don't believe his burden is met, but more specifically the issue here is whether the state court was reasonable in concluding that, no, you haven't met your burden. And the attempt to avoid the burden is somewhat demonstrated by Jones's argument that the court of appeal never established a link. Well, that's not the court of appeals' job. Jones must disprove a link. It is presumed that there is a rational basis for legislation. The legislation is presumed valid. There is a tremendous amount of deference in this context. There is the wide deference that's given the legislature to enact crimes, regulation, and also on federal habeas corpus, of course, we're looking at whether the Supreme Court's rejection of the claim was reasonable. So the point is, as I say, much more narrow than is being argued here. Now, I would like to respond to a couple of specific points that were made. There's an argument that registration has no – the registration here has nothing to do with morality. Well, the stated interest of the legislation is to prevent recidivism and make offenders more available for registration and contact by police. The legislature's judgment – this is theoretical because we don't know what the basis for the distinction is – if the legislature decides that oral copulation is more offensive than statutory rape, then ergo they justifiably have a stronger interest in requiring offenders to register, requiring violators of the oral copulation statute to register. Now, I would point out that oral copulation is more punishable in most situations under California law than statutory rape. Again, no stated basis for that, but that's never been challenged. If the legislature can criminalize oral copulation more severely, surely they can regulate it more severely. So what you're saying is essentially they can moralize incorporating initially into their reasons as it applies to recidivism, that that gives them more incentive to prevent recidivism on a crime that they consider worse. Yes, Your Honor. I don't believe they're mutually exclusive. If, for instance, between a forcible act and a non-forcible act, I think the legislature is rational in believing or deciding that the forcible act is more offensive and therefore we have a stronger interest in preventing recidivism. It's not simply statistics. It's not simply that the forcible must occur more often. That's relevant too, but there's also the issue that they may consider one more severe than the other and therefore may take a stronger interest in preventing recidivism, therefore requiring registration. Again, this is a theoretical possibility. As the theoretical possibility that Judge Noonan pointed out and has been pointed out in the briefs, we don't know what the basis is, but it is clear and undisputed that Petitioner must disprove all of them. In the state court, there was nothing presented, and that's what we have to look at here. Do you think it's more difficult to prove under-including than over-including? Well, on a gut level, yes, because... I mean, I'm wondering if you could ever rebut this presumption in this circumstance. Well, it is difficult to disprove, I suppose, anything, but there's a good reason for that, and that's the strong deference that's accorded legislative determinations that aren't always made clear in the legislation itself, and this is a good example. The legislative history does not reflect the specific reason for this distinction, but on a gut level, the under-inclusiveness is, I suppose, more palatable generally, and there's more sympathy towards under-inclusiveness than over-inclusiveness, I suppose. That may be one basis for... Well, it just seems, you know, I'm trying to think that under the way that you're arguing the case, would there ever be any instance where someone like the appellant could meet that burden? Well, I think so. I'm not conceding it could be met in this case, but I think what has to be shown are something to studies that debunk. Well, the Eisenstadt case is a good example. There the defendant did present studies, cited statistics, and presented some evidence of studies that debunked the stated reason. I think the same could be done for theoretical reasons. Was there a specific class there? I don't believe so. I don't remember. I remember they were similarly situated, but I don't think there was. But it depends on the case, obviously, but studies, legislative history, something to debunk the possibilities that there is a rational basis. Let me ask you this. Is California required to present any explanation for its exclusion of those convicted of statutory rape from the registration requirement in our analysis? No. As I understand your question, Your Honor, are they required to state the reason? To present any evidence. Do they have to present any evidence that goes to the reason for not including statutory rape? No, not unless they are faced with some evidence, because absent evidence by either side, the presumption is that there is a rational basis and that the legislation is valid. So absent some showing that needs to be overcome, my answer would be no. So if I'm understanding your argument, they didn't meet their burden, they didn't put it to a level that the state has to present anything to overcome the presumption, to deal with the presumption. That's correct. They get the benefit of the presumption because they didn't make any inroad in it. That's right, Your Honor. I see my time is about up. If the Court has no further questions, I would say that. Judge Jones, do you have any questions? No, thanks. Thank you. There are no further questions. Thank you. Thank you. Just briefly, Your Honors, I think the Court is asking the right question in terms of it seems that under the Attorney General's analysis, I don't not only have to show that reasons, explanations are unreasonable, I have to dream them up in the first place. I can only shoot down what's suggested. In the state court, the only rationale suggested for the classification was the morality one. Only in this Court has the Attorney General of the state come up with other reasons, and I've been willing to shoot them down, too. But I can't shoot down things if no one even postures them or puts them out there as an explanation. There's no Supreme Court case that tells the defendant or the challenger that they not only have to show rationality, they have to postulate possible reasons and shoot them down. But I think the benefit, I think the argument, as I understand it, is they get the benefit of the presumption first, so then you have the burden of doing something, and if your burden doesn't do anything, then they don't have to put forth any evidence. I don't think it's an issue of evidence, Your Honor. I think that the state has to identify a link. It has to identify a link. I don't think they have to support it with evidence, but they have to identify a link. In the state court, in this case, the opinion identifies no link to explain the distinction drawn. And the only link suggested by the state, the attorney general, was the morality one. And on that question, I would just point out that after 1975, there's just no possible argument that the legislature views oral copulation as more serious. They decriminalized it, and in all the same circumstances as rape is. And I would repeat again that based on the current state position that they're going to vigorously prosecute statutory rape, there's many statements in the context of that legislation which says that statutory rape is a very serious crime, much more so than oral copulation. There's no vertical oral copulation team in the state of California. So just on that basis, in terms of there's no reasonable basis to say oral copulation is more serious, and there's no reasonable basis to say now that it's a morally repugnant crime. Are the penalties greater for oral copulation versus statutory rape? I would have to, in some circumstances I believe they are, Your Honor. And that just isn't the challenge here. Obviously here this isn't punishment. This is a matter of regulation. And I just, you know, I don't think that there's really a basis for the view that in the context of registration that the court views oral copulation as a more serious crime than sexual intercourse. All right. Thank you for your argument, both counsel, and the matter will now stand submitted.
judges: Noonan, Callahan, Jones